```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     NORTHERN DIVISION
```

UNITED STATES OF AMERICA

v.                              CRIMINAL NO. 3:15-cr-50-DCB-FKB

FAHIM FADHL MOHAMMED SALEH

<u>ORDER GRANTING MOTION *IN LIMINE*</u>

This matter is before the Court on the Government's Motion *In Limine* (**docket entry 47**), to which the defendant has provided no response. Having carefully considered the Motion and applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

The Government anticipates that the defendant will offer evidence that he did not know that possession of a firearm by an alien admitted in the United States under a non-immigrant visa was unlawful. The Government argues that such evidence is not relevant to the pending charge under 18 U.S.C. § 922(g)(5)(B) and should be excluded.

Evidence which is not relevant is not admissible, and the Court has broad discretion in ruling on questions of relevancy. <u>See</u> F.R.E. 402; <u>Hamling v. U.S.</u>, 418 U.S. 87, 124-125 (1974). Federal Rule of Evidence 401 describes relevant evidence as having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable that it would be without the evidence. <u>See</u> <u>U.S. v.</u>

Waldrip, 981 F.2d 799 (5th Cir. 1993) ("The matter sought to be proved must be part of the governing hypothesis . . . in a criminal case, [this] consists of the elements of the offense charged and the relevant defenses (if any) raised to defeat criminal liability.").

The Court finds that Defendant's belief that an alien admitted in the United States under a non-immigrant visa could possess a firearm is not relevant to the pending charge.  To reach a conviction under Section 922(g), the Government must prove that Defendant "knowingly" possessed a firearm in violation of the statute. See 18 U.S.C. § 924(a)(2).  To satisfy this mens rea requirement, the Fifth Circuit has consistently held that a defendant must only have knowledge that the instrument in his possession was a firearm; Section 922(g) does not require proof that the defendant knew his firearm possession violated the law. See U.S. v. Dancy, 861 F.2d 77 (5th Cir. 1988) (defendant's knowledge of the weapon's interstate nexus or of his felon status was irrelevant); U.S. v. Mirza, 454 Fed. Appx. 249, 260 (5th Cir. 2011) (unreported); U.S. v. Uresti-Careaga, 281 Fed. Appx. 404, 406 (5th Cir. 2008) (unreported); U.S. v. Perez, 897 F.2d 751, 754 (5th Cir. 1990); U.S. v. Vutera, 83 F.3d 419 (5th Cir. 1996). Thus, any evidence suggesting that Defendant did not know his possession of a firearm was unlawful does not "tend to prove the matter sought to be proved," nor is such evidence "of consequence

to the determination of the action." F.R.E. 401.  Because such evidence is not relevant and would serve only to mislead the jury, the Court finds that exclusion is proper.

Accordingly,

IT IS HEREBY ORDERED that the Government's Motion in Limine (docket entry 47) is GRANTED.

SO ORDERED, this the 5th day of December, 2016.


                                        /s/ David Bramlette
                                        UNITED STATES DISTRICT JUDGE